Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND ALFORD BRADFORD,

Plaintiff,

v.

PRISON LAW OFFICE, et al.,

Defendants.

Case No. 19-cv-01910-PJH

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 5, 7

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff was informed that he must pay the filing fee or submit an application to proceed in forma pauperis ("IFP"). Plaintiff has failed to pay the filing fee or submit an IFP application. Plaintiff has instead submitted multiple filings seeking to proceed pursuant to 28 U.S.C. § 1915(g) arguing that he is under imminent danger of serious physical injury. Section 1915(g) is for plaintiffs who have three or more strikes and are unable to pay the filing fee. It is not clear if plaintiff can pay the filing fee or not as he has failed to submit the appropriate paperwork demonstrating that he is indigent. For these reasons the case is dismissed for his failure to comply with court orders and submit an IFP application.

Because plaintiff states he is under imminent danger of serious physical injury, the court has reviewed the underlying complaint and this case should be dismissed with prejudice. The only defendants in this case are a law firm. Plaintiff alleges that defendants failed to provide the services that they agreed to provide. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The law firm was not acting under color of state law; therefore, plaintiff cannot bring a claim under § 1983 against them. He should proceed in state court with his state law claims. To the extent that plaintiff states he is under imminent danger of serious physical injury, he describes incidents that occurred in prisons in other districts and he is currently incarcerated in the Eastern District of California. If he wishes to file actions against state actors, he must file those cases in the districts where the constitutional violations occurred. Because he has not described any incidents that occurred in this district, the case is dismissed.

## CONCLUSION

1. Plaintiff's motions to proceed under § 1915(g) (Docket Nos. 5, 7) are **DENIED** because plaintiff has failed to submit an IFP application and demonstrate that he is indigent.

2. This action is **DISMISSED** with prejudice because plaintiff has failed to present a § 1983 claim. Plaintiff should proceed in state court with his state law claims.

3. The clerks shall close this case.

**IT IS SO ORDERED.**

Dated: June 3, 2019

PHYLLIS J. HAMILTON
United States District Judge